O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUMBERTO DIAZ, | ) | CASE NO. ED CV 06-00349 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Due to a new Ninth Circuit decision limiting the harmless error doctrine in a way that bolsters Plaintiff's second of two claims – namely that the Administrative Law Judge silently disregarded the helpful testimony of lay witness Sylvia Baca, Plaintiff's friend – the Court must reverse and remand without ruling on Plaintiff's other argument.

Defendant asserts that the *physical*-ailment portions of Ms. Baca's testimony, which appear at Administrative Record (AR) 95-103, are merely consistent with the Administrative Law Judge's findings, such as that Plaintiff suffers gout attacks every few months, during which attacks an assistive device for walking may be required, but responds to medication; and that he is able to perform various regular if mild physical activities while living alone. *See* Def.'s Mem. at 5; AR 15, 18. Defendant admits, however, that Ms. Baca's statements about Plaintiff's alleged *mental* impairments clash sharply with the much healthier assessment made by consultative examiner Linda M. Smith, M.D. – upon

which assessment the Administrative Law Judge expressly relied in rejecting a mental-ailment basis for disability. *See* Def.'s Mem. at 5-6; AR 175-81 (Dr. Smith's report); AR 18. "Ms. Baca's statements, . . . if credited as true, would directly contradict" Dr. Smith's examination and report, which, Defendant implies, generally are entitled to greater evidentiary weight than lay testimony. In effect, then, Defendant asserts that the underlying opinion's omission of any discussion about Ms. Baca's testimony was harmless error.

A recent Ninth Circuit decision forecloses the possibility of such a ruling here. In *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006), the Court of Appeals held that "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [undiscussed lay] testimony, could have reached a different disability determination." *Id.* at 1056. As Defendant herself admits, "fully crediting" Ms. Baca's testimony effectively would require discrediting the contrary testimony of the doctor (Dr. Smith) upon whose view the Administrative Law Judge based *her* (the Judge's) opinion. Accordingly, the error was not harmless under the *Stout* test.

The Court expresses no view on Plaintiff's other argument, that the Administrative Law Judge erred in finding Plaintiff capable of performing jobs that a person with Plaintiff's Residual Functional Capacity could not perform. On remand, however, Defendant may wish to take that argument into consideration.

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED: March 28, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE